UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUKESH SINGH, ) | CASE NO. C07-1396-JLR-MAT |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER DENYING REQUEST TO |
| ) | SUBSTITUTE PETITIONERS |
| MICHAEL CHERTOFF, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

On October 5, 2007, Carlos Rodriguez, Primitivo Coria-Cedeno, Mukesh Singh, Mamadou Diallo, and David Njenga jointly filed a "Petition for Bail Hearing pursuant to Kim v. Zigler," which the Court separated into five different actions. *See* Case Nos. C07-1613-MJP-JPD, C07-1611-RSL-MJB, C07-1601-RSM-JPD, C07-1616-RSM-MAT, and 07-1612-TSZ-JPD. Because petitioner Mukesh Singh already had a habeas petition pending which presented identical issues of law and fact, the Court consolidated Mr. Singh's two habeas cases, C07-1396-JLR-MAT and C07-1612-TSZ-JPD, under case number C07-1396-JLR-MAT.

On November 7, 2007, petitioners Augusto Hernandez-Cesar, Primitivo Coria-Cedeno, Angrej Singh, and Mamdou Diallo, jointly filed the instant "Petition for Bail Hearing Pursuant to

ORDER DENYING REQUEST
TO SUBSTITUTE PETITIONERS
PAGE -1

01  Kim v. Zigler," without referencing any case number. The instant petition states that in the prior

02  petition, Andrej Singh's name was erroneously written as Mukesh Singh, and that Augusto

03  Hernandez-Cesar's name was erroneously written as Carlos Rodriguez. The petition asks the

04  Court to "please change to reflect the collect [sic] names and alien numbers." Based upon a

05  review of the petition, the Court hereby finds and orders:

06      (1)    The request that the Court substitute Andrej Singh for Mukesh Singh in this matter

07  is DENIED. The power of the District Court to grant a petition for writ of habeas corpus is

08  provided by 28 U.S.C. § 2241(a) ("writs of habeas corpus may be granted by . . . the district

09  courts . . . within their respective jurisdictions.). The party seeking to invoke federal jurisdiction

10  has the burden of demonstrating that the exercise of that jurisdiction is proper. *See, e.g., Sissoko*

11  *v. Rocha*, 440 F.3d 1145, 1161 (9th Cir. 2006). "The writ of habeas corpus shall not extend to

12  a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the

13  United States." 28 U.S.C. § 2241(c)(3). An "[a]pplication for a writ of habeas corpus shall be

14  in writing signed and verified by whose relief it is intended . . . [and] shall allege the facts

15  concerning the applicant's . . . detention, the name of the person who has custody over him and

16  by virtue of what claim or authority, if known." 28 U.S.C. § 2242. " *See* 28 U.S.C. § 2242.

17      Decisions regarding claims for release from detention must be made on a case-by-case

18  basis after considering the particular circumstances of each individual petitioner. Furthermore,

19  claims for release from detention are more properly brought in separate habeas corpus actions,

20  alleging facts concerning the applicant's detention. Accordingly, the Court may not merely

21  substitute one petitioner's name and alien number for another. Petitioner Mukesh Singh may

22  voluntarily dismiss his habeas petition by filing a notice of dismissal with the Court. *See* Fed. R.

Civ. P. 41. Petitioner Angrej Singh may seek habeas relief in this Court only by filing a petition for writ of habeas corpus pursuant § 2241.

(2) The Clerk of the Court is directed to send a copy of this order to petitioner, and to the Honorable James L. Robart.

DATED this <u>14th</u> day of November, 2007.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING REQUEST
TO SUBSTITUTE PETITIONERS
PAGE -3